

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 27, 2015**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| AMERICAN HOUSING FOUNDATION, | § § § | Case No. 09-20232-RLJ-11 |
| Debtor. | § § | |
| WALTER O'CHESKEY, Trustee, | § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 11-02133 |
| PAUL KING, *et al.* | § § § | |
| Defendants. | § | |

### SUPPLEMENTAL FINDINGS OF FACT AND SUPPLEMENTAL AND AMENDED CONCLUSIONS OF LAW

The Court hereby issues the following Supplemental Findings of Fact and Supplemental and Amended Conclusions of Law to supplement and amend the Court's findings and conclusions issued on March 31, 2015 [Docket No. 226]:

The Court issues the following supplemental finding of fact as finding 110:

### The AHF Plan

110. The AHF plan prioritizes creditors' claims into 19 classes; of relevance here are Class 17, Class 18, and Class 19. *See* Trustee's Ex. 607, Second Amended Joint Chapter 11 Plan. Class 17 concerns general unsecured creditors who receive pro rata distributions from the AHF Liquidating Trust after payment in full of claims in Classes 1 through 14. *Id*. at § 5.17. Class 18 consists of holders of allowed subordinated claims; they receive a pro rata distribution of net proceeds from the AHF Liquidating Trust, but only after unsecured creditors are paid in full. *Id*. at § 5.18. It is "anticipated that there will be no [d]istributions to any holders of" a subordinated claim. *Id*. Class 19 addresses allowed interests of the debtor, AHF. Allowed interests of the debtor, if any, do not receive a distribution under the confirmed plan. *Id*. at § 5.19.

Conclusion of law 32 is deleted as is and amended to state as follows:

32. The defendants' contract-based claims—arising from their respective investments and the guaranties—are characterized as equity investments. Their fraud-based, unliquidated claims—i.e., all other claims of the defendants—arise from these very investments and are therefore subordinated to the claims of unsecured creditors under § 510(b) of the Bankruptcy Code.

The Court issues the following supplemental conclusion of law as conclusion 38(a):

### Alternative Subordination under Templeton v. O'Cheskey

38(a). The Court concludes that even if Defendants' liquidated claims were not characterized as equity investments, all of Defendants' claims—whether liquidated or

unliquidated—are claims for damages arising from the purchase or the sale of a security of an affiliate of AHF. *See Templeton v. O'Cheskey (In re Am. Hous. Found.)*, 785 F.3d 143, 153–57 (5th Cir. 2015). The Defendants' claims as represented by their respective proofs of claim would be subordinated under § 510(b) of the Bankruptcy Code. *See id.*

### End of Supplemental Findings of Fact and Supplemental and Amended Conclusions of Law ###